CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 2 7 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GREGORY A. RICHARDSON, #223152, Plaintiff, | Civil Action No. 7:06-cv-00154 |
| v. | MEMORANDUM OPINION |
| DANIEL A. BRAXTON, et al., Defendants. | By: James C. Turk Senior United States District Judge |

Gregory A. Richardson, a Virginia prisoner proceeding pro se, brings this action as a civil rights complaint, pursuant to 42 U.S.C. §1983. He applies to proceed in forma pauperis. Richardson alleges that in February 2006, prison officials at Augusta Correctional Center began confiscating property from inmates' cells, pursuant to new property regulations and do not provide adequate grievance remedies or disciplinary hearings. He asserts that these actions violate his constitutional rights. Richardson seeks injunctive and declaratory relief. Upon review of the record, however, the court denies Richardson's motion to proceed in forma pauperis and dismisses this action without prejudice, pursuant to 28 U.S.C. §1915(g).

Enacted as part of the PLRA, 28 U.S.C. §1915(g) provides that a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

After review of court records, the court finds that the following civil actions or appeals filed by Richardson have been dismissed for the failure to state a claim upon which relief may be granted: Richardson v. Lee, Civil Action No. 7:99-cv-00505 (W.D. Va. Aug. 6, 1999); Richardson v. Lee, No. 99-7107, CA-99-505 (4th Cir. Oct. 27, 1999); and Richardson v. Lee, et

al., 7:99-cv-00675 (W.D.Va. Sept. 24, 1999). As Richardson has accumulated three strikes, he may not proceed with this action without prepaying the $250.00 filing fee or demonstrating that he is "under imminent danger of serious physical injury." §1915(g).

Specifically, Richardson complains that officers are not being correctly trained in various ways, that he has been denied due process in disciplinary hearings, that the classification procedures and officers are biased, that officers do not follow the prison grievance procedures, that untrained female officers are unnecessarily observing male inmates in states of undress, that he was "spitefully transferred" for filing grievances and receiving false or arbitrary disciplinary charges and convictions, that officers mishandle and improperly seize inmates' property upon intake, that officials fail to recognize the mental deterioration of prisoners who have inadequate access to rehabilitative programs or other activities such as television, that segregation inmates have no access to a typewriter, and that the supervising officers and the warden failed to correct these problems. None of his allegations suggest that the challenged procedures and actions place him in imminent danger of any possible, physical harm. Because Richardson's current complaint does not meet the requisite showing of imminent physical harm under §1915(g) so that he qualifies to proceed without prepayment of the filing fee as to this case, the court denies his application to proceed in forma pauperis. Plaintiff has also failed to pay the $250.00 filing fee, so this action will be dismissed, pursuant to §1915(g).

An order in accordance with this Memorandum Opinion will be entered this day.

ENTER: This 24th day of March, 2006.

/s/ James C. Turk
Senior United States District Judge